**TO: Clerk's Office**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

********************************
UNITED STATES OF AMERICA

-v.-

CATALINA CORONA

********************************

25 MJ 51
Docket Number

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: Rebecca M. Urquiola
Firm Name: USAO-EDNY
Address: 271-A Cadman Plaza East
Brooklyn, New York 11201
Phone Number: 718-254-6049
E-Mail Address: rebecca.urquiola@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES ___ NO ___
**If yes, state description of document to be entered on docket sheet:**

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:__________
Judge/Magistrate Judge:__________
Date Entered:__________

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

ongoing investigation; flight risk

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn, NEW YORK

February 14, 2025

**U.S. MAGISTRATE JUDGE** James R. Cho

RECEIVED IN CLERK'S OFFICE__________
DATE

**MANDATORY CERTIFICATION OF SERVICE:**
**A.)** ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:______; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

2/14/2025
DATE

Rebecca M. Urquiola
SIGNATURE

KTF:RMU
F. #2024R00447

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

CATALINA CORONA,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANT

(18 U.S.C. § 1343)

No. 25 MJ 51

EASTERN DISTRICT OF NEW YORK, SS:

LISA SCAGLIONE, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

In or about and between 2015 and April 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CATALINA CORONA did knowingly and intentionally devise a scheme and artifice to defraud Victim A and Victim B (the "Victims"), whose identities are known to your affiant, and to obtain money and property from the Victims by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, to wit: a phone call between CORONA and Bank 1 on April 3, 2024.

(Title 18, United States Code, Section 1343)

The source of your deponent's information and the grounds for her belief are as follows:[1]

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since 2022. I have conducted numerous investigations of violations of federal bank fraud, money laundering, wire fraud, and conspiracy statutes. I have received training regarding computer technology, computer fraud, and white-collar crimes. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2.  The defendant CATALINA CORONA is approximately 60 years old and resides in Queens, New York. CORONA was an employee of the Victims until her termination in April 2024. While employed by the Victims, the defendant forged the Victims' signatures on checks from the Victims' various bank accounts between 2015 through 2024, and stole funds directly from the Victims' bank accounts to pay off her personal credit cards' bills. The total amount stolen is estimated at nearly $10,000,000.

3.  In or about the early 2000s, the defendant CATALINA CORONA worked as a personal assistant and secretary for both Victim A, until his death in May 2022, and Victim A's wife, Victim B.

4.  After Victim A's passing in 2022, the defendant CATALINA CORONA continued to serve as a personal assistant to Victim B. Her responsibilities as a personal assistant included paying bills, booking travel arrangements, filing, and keeping lists up to date.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

One of CORONA's tasks included making out checks for Victim B's review and signature. These checks would be signed by Victim B, and checks would be maintained in two separate black checkbooks: one belonging to Victim B, the other belonging to CORONA. This meant that Victim B's checkbook had different sets of check numbers than CORONA's checkbook.

5. On or about April 3, 2024, after subpoenaing Bank 1 and receiving recordings of calls between Bank 1 and the defendant CATALINA CORONA, I discovered that CORONA had called Bank 1 in response to fraud alerts she had received related to a deposited check made out to "cash" and allegedly signed by Victim B.

6. The check in question was numbered 2207, dated March 26, 2024, and made out to "cash" for $1500.00. See check below.

2207

3/26/24 Date

Pay to the Order of Cash $1500.00

One Thousand Five Hundred 00/100 Dollars

Wells Fargo Bank, N.A.

For

7. During the call, the defendant CATALINA CORONA had stated originally that she had written the check, but the check was payable from someone else. CORONA then denied writing the check out to "cash", despite the admission earlier on the call.

8. The representative further noted that both the defendant CATALINA CORONA's Bank 1 Account ending in x1937 (the "1937 account") and Victim B's Bank 1 account ending in x9750 (the "9750 account") listed CORONA's cell phone number as the primary contact phone number. CORONA explained to the representative that Victim B was

her employer and that Victim B's home number was listed on both accounts because she is always at Victim B's residence and uses Victim B's home phone number on her account. However, based on information provided by Bank 1, searches on law enforcement databases, and an interview with Victim B, we know that CORONA's cell phone number was listed as the primary contact number on both her account and Victim B's account.

9. Later that same day, Victim B received a phone call from Bank 1 to verify the validity of the check numbered 2207 made out to "cash." Victim B asked the Bank 1 representative to provide her with the details of the check in question. The check did not match up with the copies of checks in Victim B's possession. Victim B informed the representative that she had not written the check, and it should not be accepted.

10. Victim B then placed the representative on hold and called the defendant CATALINA CORONA. Victim B informed agents that while she was on the phone with CORONA, Victim B asked if CORONA had any knowledge of the fraudulent check. CORONA said that she would talk to Bank 1 to straighten out the issue, and that it was possible she had made a mistake. CORONA proceeded to say that she would pay Victim B back.

11. The Bank 1 representative proceeded to tell Victim B not to trust the representations made by the defendant CATALINA CORONA, as there was a list of questionable checks made out to "cash."

12. Further investigation into this scheme revealed that the defendant CATALINA CORONA had stolen more funds from the Victims' 9750 account. After subpoenaing records from Bank 1, agents discovered nearly $700,000 in funds had been stolen from the Victims' 9750 account and deposited into CORONA's own Bank 1 accounts ending in x9484 (the "9484 account") and x1937 (the "1937 account"). Additionally, a total of nearly

$5,000,000 was stolen to pay off CORONA's credit card bills from funds directly stolen from the 9750 account.

13. Agents reviewed wires transmitted from the Victims' 9750 account to the defendant CATALINA CORONA's 9484 account. In several cases the wires initiated from various locations within the Eastern District of New York, including but not limited to: Lynbrook, New York; North Woodmere, New York; and Woodside, New York.

14. The Victims additionally have a brokerage account with Bank 1 ending in x0872 (the "0872 account"). After subpoenaing records from the 0872 account, agents discovered that the defendant CATALINA CORONA stole approximately $100,000 in funds from the 0872 account, which were deposited into CORONA's 9484 account. CORONA additionally stole nearly $4,000,000 to pay her credit cards with funds from the 0872 account.

15. The total amount of funds stolen from the Victims' Bank 1 accounts is estimated at nearly $10,000,000. In furtherance of this investigation, agents were able to track how the defendant CATALINA CORONA used some of the stolen funds. Agents discovered that CORONA used approximately $1,117,000 of stolen funds to purchase merchandise at Louis Vuitton, approximately $125,500 to purchase merchandise from Cartier, nearly $300,000 in stolen funds to purchase merchandise at Gucci, and approximately $305,000 in stolen funds to purchase merchandise from Apple.

16. Because public filing of this document could result in a risk of flight by the defendant CATALINA CORONA, as well as jeopardize the government's ongoing investigation, your deponent respectfully requests that this complaint, as well as any arrest warrant issued in connection with this complaint, be filed under seal.

17. WHEREFORE, your deponent respectfully requests that the defendant CATALINA CORONA be dealt with according to law.

/s/ Lisa Scaglione

LISA SCAGLIONE
SPECIAL AGENT
Federal Bureau of Investigation

Sworn to before me by telephone this
14th day of February, 2025

James R. Cho

HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

United States of America
v.
CATALINA CORONA

*Defendant*

Case No. 25 MJ 51

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* CATALINA CORONA,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

CORONA violated Title 18, United States Code, Section 1343 (wire fraud).

Date: 02/14/2025

James R. Cho
*Issuing officer's signature*

City and state: Brooklyn, New York

James R. Cho, U.S.M.J.
*Printed name and title*

**Return**

This warrant was received on *(date)* ______________, and the person was arrested on *(date)* ______________
at *(city and state)* ______________________.

Date: ______________

______________________
*Arresting officer's signature*

______________________
*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

***(Not for Public Disclosure)***

Name of defendant/offender: CATALINA CORONA

Known aliases:

Last known residence: 10837 51st Ave, 2nd Floor, Corona, New York 11368

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers: (646) 529-8060

Place of birth:

Date of birth:

Social Security number:

Height: Weight:

Sex: Race:

Hair: Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*: